IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Juan Mickell Nimmons, a/k/a Juan M. Nimmons,<br><br>Petitioner,<br><br>v.<br><br>Warden Lieber Correctional Institution,<br><br>Respondent. | C/A No. 8:18-1919-JFA<br><br><br>**ORDER** |

## I. INTRODUCTION

Petitioner Juan Mickell Nimmons, a/k/a Juan M. Nimmons ("Petitioner"), a state prisoner proceeding *pro se*, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 ("Petition") on July 13, 2018.[1] (ECF No. 1). Petitioner is currently confined at Lieber Correctional Institution in Dorchester County, South Carolina. (ECF No. 34 at 2). On November 13, 2018, Respondent Warden Lieber Correctional Institution ("Respondent") filed a return and memorandum to the Petition along with a Motion for Summary Judgment ("Motion"). (ECF Nos. 20, 21). After reviewing the pleadings, the Magistrate Judge assigned to this action[2] prepared a

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on August 23, 2018. (ECF No. 1-3 at 1) (envelope stamped as received by prison mailroom on August 23, 2018).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the

thorough Report and Recommendation ("Report") (ECF No. 34) and recommends that the Motion (ECF No. 21) be granted and that the Petition (ECF No. 1) be denied. (ECF No. 34). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 34).

The Report was filed on February 19, 2019 and Petitioner was advised of his right to file objections to the Report by March 5, 2019. (ECF Nos. 34, 34-1). Petitioner's Objections were filed on March 6, 2019 (ECF No. 37) and the Court accepts his filing pursuant to Rule 6(d) of the Federal Rules of Civil Procedure.[3] Accordingly, the Motion is ripe for review. The Court also considers Petitioner's two subsequent motions for immediate release. (ECF Nos. 41, 46).

## II.   LEGAL STANDARD

A district court is required to conduct a de novo review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, the Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the*

---

recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[3] "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d).

2

*Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

## III. DISCUSSION

In his habeas corpus petition, Petitioner raises the following grounds for relief: 1) the PCR Court erred in denying Petitioner's fourth PCR application because Petitioner met the five-factor test to support the grant of a new trial based on after-discovered evidence of a post-trial confession by another person; and 2) Petitioner's PCR counsel was ineffective for failing to request funds for, and failing to order, DNA tests to be performed on a bloody shirt. (ECF No. 34 at 6). The Magistrate Judge concludes that both of Petitioner's arguments are unavailing and recommends this Court grant Respondent's Motion. (ECF No. 34 at 18).

Additionally, after filing his Objections, Petitioner filed two motions for immediate release that are substantially the same. (ECF Nos. 41, 46). The Court reviews the those motions herein following its analysis of Respondent's Motion.

### A. Ground 1

In Ground 1, Petitioner seeks federal habeas corpus relief due to the PCR court's alleged error in denying Petitioner's fourth PCR application under the five-factor test to support grant of a new trial based on after-discovered evidence, but the Magistrate Judge recommends granting summary judgment on that ground for two reasons. (ECF No. 34 at 16-17). First, as argued in Respondent's Motion, this ground is not cognizable on federal habeas corpus review because it relies on the application of state court law, which this Court cannot review. (ECF No. 34 at 16) (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law . . . ."). Secondly, to the extent Petitioner attempts to assert a freestanding claim of actual innocence, such claim is not a cognizable ground for federal habeas relief. (ECF No. 34 at 17-18) (citing *Smith v. Warden*, No. 4:16-4008-TLW-TER, 2017 WL 6016575, at *13 (D.S.C. Oct. 12, 2017), *Report and Recommendation adopted by* 2017 WL

5992086 (D.S.C. Dec. 4, 2017)); *see also Rouse v. Lee*, 339 F.3d 238, 255 (4th Cir. 2003) ("[C]laims of actual innocence are not grounds for habeas relief . . . ." (citing *Herrera v. Collins*, 506 U.S. 390, 405 (1993)).

In his Objections, Petitioner argues the Report failed to address the merits of his after-discovered evidence claim and failed to address "the brief filed for a 'writ of certiorari' to the South Carolina Supreme Court." (ECF No. 37 at 3). Petitioner also challenged the Report's legal conclusion that claims of actual innocence are not cognizable grounds for federal habeas relief, arguing the Supreme Court of the United States in *Herrera v. Collins* "left open the question of whether a truly persuasive showing of actual innocence could be an independent constitutional basis for federal habeas relief." (ECF No. 37 at 3-4) (citing *Herrera v. Collins*, 506 U.S. 390, 427-29 (1993)).

Petitioner's Objections here are unavailing. First, the argument that the Report failed to address the merits of Petitioner's habeas petition and the contents of a state court filing fails to address the substance of the Report, which is that Petitioner's claim under Ground 1 is procedurally barred because he does not raise a cognizable claim for federal habeas relief. Further, Petitioner's citation to *Herrera* also ignores the Report's analysis, which notes the United States Court of Appeals for the Fourth Circuit has interpreted *Herrera* to preclude claims of actual innocence as ground for habeas relief. Petitioner's Objection fails to "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. As such, Petitioner's Objections are not specific to the Report, and the Court may therefore adopt the Report without an explanation. *See McMaster*, 663 F. Supp. 2d at 452; *see also Norton*, 2007 WL 821181, at *1. Therefore, the Court accepts the recommendation of the Magistrate Judge and grants Respondent's Motion as to Ground 1.

**B. Ground 2**

In Ground 2, Petitioner argues his PCR counsel was ineffective for failing to request funds for, and failing to order, DNA tests on a bloody shirt. (ECF No. 1). The Report, in agreement with Respondent's Motion, concludes that this ground is not cognizable on federal habeas corpus review. (ECF No. 34 at 18) (quoting 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.")). Although Petitioner filed a letter to the Court subsequent to the filing of the Report and Petitioner's Objections that appears to supplement his argument under Ground 2 (ECF No. 50), Petitioner fails to raise any specific objections to the Report's position on Ground 2. (ECF No. 37). Without specific Objections to the Report, this Court may adopt the Report without explanation. *See McMaster*, 663 F. Supp. 2d at 452; *see also Norton*, 2007 WL 821181, at *1. Therefore, the Court adopts the recommendation of the Magistrate Judge to grant Respondent's Motion as to Ground 2.

**C. Motions for Immediate Release**

Petitioner's motions for immediate release (ECF Nos. 41, 46), which were filed subsequent to the Magistrate Judge's filing of the Report, raise an argument not presented in the Petition, namely that Petitioner should be immediately released from custody due to the state trial judge's "unconstitutional burden shifting" jury instruction at Petitioner's criminal trial. (ECF Nos. 41, 46). To supplement his motions, Petitioner also filed a letter to the Court (ECF No. 47) and included his petition for writ of habeas corpus with the Supreme Court of South Carolina (which, Petitioner notes, that court denied) as an attachment to his objections (ECF Nos. 37-1, 37-4, 40). In a responsive brief, Respondent argues (without citation to law or the record) that Respondent's motions should be denied because his allegation exceeds the statute of limitations for federal

habeas corpus claims, is procedurally barred for failure to raise on direct appeal, is wholly without merit. (ECF No. 48 at 1).

The Court need not address the merits of Petitioner's unsupported motions, nor the Respondent's arguments in response, because this Court's grant of Respondent's Motion renders moot Petitioner's subsequent motions raised under his habeas petition. Therefore, Petitioner's motions for immediate release are denied.

IV. **CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 34). Therefore, Respondent's Motion (ECF No. 21) is granted and Petitioner's Petition (ECF No. 1) is dismissed with prejudice. Because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[4] Finally, Petitioner's motions for immediate release (ECF Nos. 41, 46) are denied as moot.

IT IS SO ORDERED.

August 15, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).